UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PENELOPE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| COMENITY BANK and<br>EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, PENELOPE JOHNSON ("Plaintiff"), through her undersigned counsel, hereby alleges the following against Defendant, COMENITY BANK ("COMENITY") and Defendant EXPERIAN INFORMATION SOLUTIONS, INC ("EXPERIAN").

**Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

**Parties**

2. Plaintiff is a natural person residing in the city of Joliet, County of Will, Illinois and is otherwise sui juris. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. Defendant COMENITY is a nationally chartered bank conducting business in the state of Illinois and is headquartered in Wilmington, Delaware.

4. On information and belief, COMENITY is a person who regularly and in the ordinary course of business furnishes information to one or more "consumer reporting agencies" regarding its transactions or experiences with "consumers."

5. On information and belief, this includes consumer reporting agencies such as Defendant EXPERIAN, TransUnion, LLC ("TransUnion") and Equifax Information Services, LLC ("Equifax").

6. EXPERIAN is a corporation conducting business in the state of Illinois and is headquartered in Costa Mesa, CA.

7. Although Equifax and TransUnion are not parties to this lawsuit, they are, along with EXPERIAN, nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

8. EXPERIAN, Equifax, and TransUnion regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

9. Defendants conduct business in Illinois and therefore personal jurisdiction is established.

10. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

11. Venue is proper in the United States District Court Northern District of Illinois pursuant to 28 U.S.C § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

**Factual Allegations**

12. On or around October 5, 2018, Plaintiff and COMENITY agreed to settle accounts ending in 8392 and 2008 that Plaintiff had with COMMENITY.

13. On or around June 17, 2019, Plaintiff and COMENITY agreed to settle a third account, ending in 9225 (the aforementioned accounts are collectively termed the "Accounts").

14. Each of these agreements was memorialized in writing, which detailed the terms of the agreements, including that the settlement payments would be made in single lump-sum payments.

15. On or around October 30, 2018, Plaintiff made a lump-sum payment, pursuant to the settlement agreement, in the amount of $657.93, thereby resulting in a zero-balance owed to COMENITY on the account ending in 2008.

16. On or around October 30, 2018, Plaintiff made a lump-sum payment, pursuant to the settlement agreement, in the amount of $623.52, thereby resulting in a zero-balance owed to COMENITY on the account ending in 8392.

17. On or around June 27, 2019, Plaintiff made a lump-sum payment, pursuant to the settlement agreement, in the amount of $821.57, thereby resulting in a zero-balance owed to COMENITY on the account ending in 9225.

18. Despite Plaintiff's performance under the terms of all three agreements, COMENITY reported incorrect information to the CRAs, including EXPERIAN.

19. Specifically, COMENITY failed to update the CRAs with information reflecting the terms of the agreements or that recent payments were made.

20. On or around November 5, 2019, Plaintiff sent a letter to EXPERIAN disputing information that was being reported on Plaintiff's credit report regarding Plaintiff's Accounts with COMENITY, among other things.

21. On information and belief, EXPERIAN, pursuant to its responsibility in 15 U.S.C. § 1681i, notified COMENITY of the disputed accuracy of the information it provided concerning Plaintiff and/or the Accounts.

22. Upon being notified by EXPERIAN, COMENITY was required, pursuant to 15 U.S.C. § 1681s(2)(b), to (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the CRA; (C) report the results of the investigation to the CRA; and (D) if the investigation found information was incomplete and inaccurate, report such results to all CRAs to which COMENITY previously provided information.

23. On December 11, 2019, EXPERIAN responded to Plaintiff regarding her dispute.

24. EXPERIAN's response provided additional incorrect information being reported on Plaintiff's credit report. Specifically, EXPERIAN reported a charge-off for the month of November 2019 on account ending in 2008, despite the account being resolved during October 2019. Further, the reported balance history still did not reflect the settlement or payments made by Plaintiff.

25. EXPERIAN's response also showed a charge-off being reported for the month of November 2019, despite the account ending in 8392 being resolved during October 2019. The balance history on this account likewise failed to reflect the settlement or the payment made by Plaintiff.

26. Finally, EXPERIAN's response showed a charge-off reported for the month of July 2019 on account ending in 9225, despite the account having been resolved in June 2019. Additionally, the balance history failed to represent the settlement or payment made by Plaintiff.

27. The aforementioned information is incorrect and is at odds with the zero balances on the Accounts as a result of Plaintiff's completion of performance of the settlement terms in October 2018 and June 2019.

28. Therefore, COMENITY being notified of the reporting of incorrect information, subsequently and willingly failed to conduct a genuine investigation into Plaintiff's disputes, review all relevant information provided to it, and report the results to the CRAs to which it provided said information. If COMENITY would have complied with its statutory duties, charge-offs would not have been incorrectly added to Plaintiff's accounts and the accounts would reflect the settlement and payments made by Plaintiff.

29. Further, upon being notified by Plaintiff of inaccurate information, EXPERIAN, pursuant to 15 U.S.C. § 1681e(b), was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they published and maintained concerning Plaintiff. If EXPERIAN would have complied with its statutory duties, incorrect information concerning Plaintiff would not have been reported despite notice from Plaintiff.

30. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## FIRST CAUSE OF ACTION
## COMENITY VIOLATED THE FCRA 15 U.S.C. § 1681s(2)(b)

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. COMENITY's violations of the FCRA include, but are not limited to, the following:

    a. Defendant violated §1681s(2)(b)(A) of the FCRA by failing to conduct an investigation with respect to the information disputed by Plaintiff;

    b. Defendant violated §1692s(2)(b)(B) of the FCRA by failing to review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i; and

    c. Defendant violated §1692s(2)(b)(C) and (D) of the FCRA by failing to report the results of the investigation to the CRAs, since the information is incomplete and/or inaccurate.

## SECOND CAUSE OF ACTION
## EXPERIAN VIOLATED THE FCRA 15 U.S.C. § 1681e(b)

33. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

34. EXPERIAN's violations include, but are not limited to, the following:

    a. Defendant violated §1681e(b) of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for the following:

### First Cause Of Action

35. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

36. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681(n)(2);

37. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

38. Awarding such other and further relief as may be just, proper and equitable.

### Second Cause Of Action

39. Statutory damages of $1,000.00 for each Defendant pursuant to 15 U.S.C. § 1681n(a)(1);

40. Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(2);

41. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692n(a)(3); and

42. Awarding such other and further relief as may be just, proper and equitable.

### JURY TRIAL DEMAND

43. Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 1, 2020

Adam T. Hill
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front Street, Suite 201
Temecula, CA 92880
T: (657) 236-92590
F: (602) 857-8207
AdamH@jlohman.com

Attorneys for Plaintiff,
PENELOPE JOHNSON